IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| DENIENE REMICK, | ) | CASE NO. 1:18 CV 1028 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Deniene Remick under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits.[2] Because the ALJ's no disability finding lacks substantial evidence, the ALJ's decision is reversed and remanded for further administrative proceedings.

## Issue Presented

This case presents one dispositive issue:

- The ALJ assigned partial weight to two opinions rendered by Remick's treating source, Dr. Thomas Wagner.[3] Does substantial evidence support the weight assigned to Dr. Wagner's opinions?

---

[1] ECF No. 17. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 9, Transcript ("Tr.") at 339.

# Analysis

**A. Applicable legal principles**

*1. Standard of review*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[4]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[4] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

Commissioner survives "a directed verdict" and wins.[5] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[6]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Treating sources and the "good reasons" requirement*

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[7] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[8] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[9] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[10] This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 416.927(c)(2)(i)-(ii), (3)-(6).[11] The Court cautioned against collapsing these two distinct analyses into one.[12]

---

[5] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[6] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[7] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[8] *Id.* at 375-76.
[9] *Id.* at 376.
[10] *Rogers*, 486 F.3d at 242.
[11] *Gayheart*, 710 F.3d at 376.
[12] *Id.*

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned, applying the regulatory factors governing each analytical step.[13] Also, despite the reality that a unified statement of these "good reasons" greatly enhances meaningful judicial review,[14] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[15] Going beyond the reasons stated in the unified statement takes the Court in the hazy gray area where the sirens of *de novo* review and *post hoc* rationalization reside. A reviewing district court must avoid both.

An ALJ cannot avoid reversal by merely citing exhibits in the record that might support her findings without discussing the content of those exhibits and explaining how that content provides support.[16] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[17] It is for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[18] "Put simply, it is not enough to dismiss a treating

---

[13] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).
[14] *Smith v. Comm. of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at **7-8 (N.D. Ohio May 14, 2014).
[15] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).
[16] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2104 WL 1944247, at *7 (N.D. Ohio May 14, 2014).
[17] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).
[18] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014).

physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick."[19]

**B.     Application of applicable legal principles**

It appears that Dr. Wagner's treating relationship with Remick began in November of 2015.[20] In January of 2017, Dr. Wagner completed a residual capacity assessment that contained sedentary limitations for standing, walking, sitting, lifting, and carrying.[21] The opinion also limited Remick to rarely reaching, handling, and fingering.[22] This is not a check-the-box form. It contains hand written narrative throughout.[23]

There is another evaluation prepared by Dr. Wagner.[24] This appears within Dr. Wagner's treatment notes but does not have a date. It is a check-the-box form without any narrative.

The ALJ assigned both opinions partial weight.[25] As reasons, he states that the opinions are not consistent with the record as a whole – without citing to any inconsistent evidence or explaining why Dr. Wagner's opinions got "the short end of the stick."[26] With respect to the presumably earlier, undated opinion, the ALJ also discounted it as

---

[19] *Friend* v. *Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).
[20] Tr. at 840-901.
[21] *Id.* at 1008-09.
[22] *Id.* at 1009.
[23] *Id.* at 1008-09.
[24] *Id.* at 877-78.
[25] *Id.* at 339.
[26] *Id.*

5

"superseded by a later report."[27] With respect to the later opinion, the ALJ also discounted it because "the record shows [Remick] is able to independently perform her daily activities."[28] He did not provide any further substantive evaluation of Dr. Wagner's opinions.

Looking at the reasons given for the weight assignments in the unified statement, it is clear these are not "good" reasons. As to whether the second report "superseded" the first, as Remick notes,[29] Dr. Wagner's assessments set forth his responses to two different sets of questions, and the ALJ did not explain any inconsistency between the two or how the more recent one was more "extreme." Nor did he analyze or explain whether the two reports had anything in common and provide an explanation as to why any such similarities were discounted. As to Remick's ability to perform activities of daily living, it is well-settled that the ability to perform "minimal daily functions" does not mean a person can perform "typical work activities" for eight hours a day.[30]

It appears that the Commissioner asks the Court to parse through the record references cited outside the unified statement to assess consistency of the weight assigned with the "record as a whole." This is literally the "free range de novo review" approach I criticized in *Smith v. Commissioner of Social Security*.[31] Unfortunately for the Commissioner, even such a review fails to support the ALJ's findings regarding Dr.

---

[27] *Id.*
[28] *Id.*
[29] ECF No. 15 at 15.
[30] *See Rogers*, 486 F.3d at 248.
[31] No. 5:13 CV 870, 2014 WL 1944247, at *7 (N.D. Ohio 2014).

Wagner's opinions. While the ALJ discussed medical evidence of record earlier in his decision,[32] the ALJ failed to include Dr. Wagner's treatment notes in this discussion.[33] The evidence in the records the ALJ *did* cite and discuss is mixed, and the ALJ makes no mention of Remick's persistent neck pain noted in these records.[34] In at least two of these records, the evidence shows Remick's pain decreased since she stopped working – evidence which seems to undercut, not support, the ALJ's findings regarding this evidence.[35] In addition, only two of the medical records cited and discussed by the ALJ earlier in the decision post-date August 2015.[36]

The ALJ failed to provide "good reasons" for the weight assigned to Dr. Wagner's opinions. Further compounding this error, the ALJ failed to construct a "logical bridge" between the evidence discussed in the opinion and his conclusions. For these reasons, remand is required.

## Conclusion

The ALJ's no disability finding lacks substantial evidence. The ALJ's decision is, therefore, reversed and remanded for further administrative proceedings consistent with this opinion. On remand, the ALJ must properly analyze and consider Dr. Wagner's treatment notes and his opinions, as well as properly articulate the weight assigned to Dr. Wagner's opinions.

---

[32] *Id.* at 337-38.
[33] *Id.*
[34] *See, e.g., id.* at 593, 600, 610, 795.
[35] *See, e.g., id.* at 691, 754.
[36] *Id.* at 793-95, 987-90.

7

IT IS SO ORDERED.

Dated: August 9, 2019  s/ William H. Baughman, Jr.
United States Magistrate Judge